UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MIGUEL L. GARCIA,

Petitioner,

v. Case No. 5:12-cv-384-Oc-30PRL

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, et al.,

Respondents.

---

**ORDER DENYING PETITION**

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondents filed a Response to the Petition seeking dismissal of the action with prejudice. (Doc. 7). The Petition, the Response to the Petition and the record submitted with the Response, and the other pleadings demonstrate that an evidentiary hearing is not warranted and the Court may resolve the Petition on the basis of the record. *See* Habeas Rule 8(a).

**Procedural Background**

This action stems from Petitioner's conviction of attempted second degree murder for which Petitioner was sentenced to twenty years incarceration. On May 19, 2006, the State of Florida charged Petitioner in a two count information with one count each of attempted murder with a deadly weapon and aggravated assault with a deadly weapon. *See* Doc. 8, App. A, pg. 1-2. A jury trial began on November 26, 2007. *See* Doc. 8, App. B. Prior to

starting its case, the State announced a *nolle pros* on count two because the victim could not be located. *See* Doc. 8, App. B, pg. 88.

Defense counsel argued self-defense in closing arguments. After closing arguments, Defense counsel pointed out that the no duty to retreat provision was missing from the proposed jury instructions. *See* Doc. 8, App. B, pg 347. The state court instructed the jury again, this time correctly. The jury found Petitioner guilty of the lesser included offense of attempted second degree murder.

Thereafter, Petitioner filed a motion for new trial in which he alleged erroneous jury instructions deprived him a fair trial. After a hearing, the state trial court concluded the following:

> The court finds specifically that although there was some confusion initially regarding the instructions on self defense, the use of force, and the duty to retreat, it was not fundamental error. The jury was informed, prior to beginning any deliberations, that the instruction they received on those matters was incorrect. They were then given the correct instructions. When asked if they wanted any of the instructions read again they indicated they did not. There was no objection to the final instructions as read. There was no objection to giving the curative and correct instructions. Counsel for the defendant was primarily responsible for preparing the correct instructions. There was no motion for mistrial. Only the correct instructions went back to the deliberations room with the jury.

> This court finds that the reading of the correct jury instructions cured any harm that may have been caused by the erroneous instruction. The court further finds that the comments made by the prosecutor during his closing argument pertaining to the incorrect instruction did not deprive the defendant of a fair trial or materially contribute to the defendant's conviction, nor were they so harmful or fundamentally tainted as to require a new trial. Counsel for the defendant argued the correct self defense instructions continuously during his own closing argument. There was no objection to the prosecutor's remarks during closing, and it was only after both sides concluded their arguments and the court was about to read the final instructions that counsel for the defendant brought it to the court's attention that the instructions on the

> use of force and the duty to retreat were not the correct instructions. This court further finds that there is no reasonable probability that the initial error in the instructions affected the verdict because the jury was informed that the initial instruction was incorrect, was read the correct instruction, and was asked if they needed any of the instructions repeated. The errors were inadvertent, and this court acted immediately to correct it.
>
> . . . .
>
> The failure to give a complete and accurate instruction on the law is fundamental error when the effect of that failure is to negate the defendant's only defense of self defense. *Carter v. State*, 469 So. 2d 194, 196 (Fla. 2d DCA 1985). This court did not fail to give the complete and accurate instruction. Though it came on the heels of two misstated instructions, there were no questions about it, nor were there any objections to it in the end. The corrected instruction in the instant case was complete in itself even though the court did not repeat all of the instructions. There was no fundamental error requiring a new trial.

*See* Doc. 8, App A, pg. 294-96.

Petitioner appealed his judgment and sentence, raising the following five claims: (1) the trial court erred by failing to properly instruct jury on the sole issue presented by the defendant regarding self defense and justifiable force by depriving the defendant of his fundamental right to a fair trial; (2) the failure of defense counsel to object to the instructions of the jury and the method used to instruct the jury does not waive defendant's right to a fair trial; (3) appellate courts have found that fundamental error occurs when the faulty instruction negates a defendant's sole defense; (4) the prosecutor's misconduct in preparing jury instructions contrary to Florida law and knowingly arguing invalid law deprived defendant of the fundamental right to a fair trial; (5) trial court erred by failing to grant motion for new trial. Doc 8, App. C.

In an order dated January 13, 2009, the Fifth District Court of Appeal *per curiam* affirmed Petitioner's sentence and conviction. *See Garcia v. State*, 1 So. 3d 190 (Fla. 5th 2009). Mandate issued on February 9, 2009. *See* Doc. 8, App. C.

On March 4, 2010, Garcia filed a petition for writ of habeas corpus claiming ineffective assistance of appellate counsel. In an order dated June 7, 2010, the state court denied the petition on June 7, 2010. *See* Doc. 8, App. D. Petitioner's motion for rehearing was denied on July 22, 2010.

On September 17, 2010, Petitioner executed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. *See* Doc. 8, App. E. In an order dated October 15, 2010, the state trial court summarily denied the motion. *See* Doc. 8, App. E. Petitioner appealed and the Fifth District Court of Appeal *per curiam* affirmed on April 12, 2011. *See Garcia v. State*, 59 So.3d 1152 (Fla. 5th DCA 2011)(table). Mandate issued on May 4, 2011.

On November 21, 2011, Garcia sent a notice of inquiry to the clerk of the circuit court, asking about a motion for jail credit that he claimed to have delivered to prison officials on May 14, 2009. *See* Doc. 8, App. G. Petitioner sent a second inquiry on December 27, 2011. The clerk responded stating that no motions or correspondence were received in his case in 2009. *See* Doc. 8, App. G pg. 5.

On March 15, 2012, Petitioner filed a Motion for Jail Time which contained a stamp that it had been provided to Wakulla CI on May 14, 2009. The state court denied the motion on April 9, 2012. *See* Doc. 8, App. G, pg. 9.

On July 3, 2012, Petitioner executed the instant petition for writ of habeas corpus. (Doc. 1). Petitioner raises the five claims he brought on direct appeal, two claims of ineffective assistance of counsel and one claim of ineffective assistance of appellate counsel.

**Timeliness of Petition**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. This law amended 28 U.S.C. § 2244 by adding a new subsection that sets forth filing deadlines for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[1] Therefore, absent any state court post-conviction proceeding that would have tolled the federal limitation period,[2] a petitioner who's conviction and sentence became final after the effective date of AEPDA has one-year from the date the conviction and sentence became final to file a federal habeas petition.

Petitioner's conviction was affirmed January 13, 2009, and became final for purposes of § 2244 ninety days later, on or about April 13, 2009, following the expiration of the time for seeking a writ of certiorari from the U.S. Supreme Court.[3] Accordingly, Petitioner had until April 13, 2010, to file his federal habeas petition, absent collateral state court activity.

Petitioner did not file any state court motions until 356 days later, when he filed a post-conviction motion on March 4, 2010. This motion tolled the federal clock until July 22, 2010 (when rehearing was denied), at which time Petitioner had only nine days left on the

---

[1] 28 U.S.C. §2244(d)(1); AEDPA, Title I, Habeas Corpus Reform, Section 101, Filing Deadlines.

[2] 28 U.S.C. § 2244(d)(2).

[3] *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek certiorari in Supreme Court after direct review in state courts). Respondents state Petitioner should not be entitled to the additional 90 days pursuant to the recent Supreme Court of the United States case of *Gonzalez v. Thaler,* 132 S. Ct. 641 (2012). In *Gonzalez*, the Supreme Court held that if a prisoner does not pursue review to the Supreme Court of the United States or to the State's highest court, he is not entitled to an additional 90 days for filing a petition for writ of certiorari. Although Petitioner did not seek review with the Supreme Court of Florida, *Gonzalez* is distinguishable because in Florida, the Supreme Court does not have jurisdiction to review a district court's *per curiam* decision on direct appeal. *See Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006). Filing a petition for writ of discretionary review with the Supreme Court of Florida would be futile. Accordingly, Petitioner was not required to file such a petition in order for the 90 additional days of the one-year limitations period.

federal clock. Petitioner did not file his next post-conviction motion until September 17, 2010, at which time the federal time period had expired.

However, Petitioner's Motion for Jail Credit contained a stamp that it had been provided to Wakulla CI on May 14, 2009. Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." *See Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000)*. In Florida, motions seeking credit for time served in jail prior to sentencing are properly filed under Rule 3.800(a). *See State v Mancino*, 714 So. 2d 429 (Fla. 1998). Such a motion necessarily requires a review of the sentence outside the direct appeal context and therefore constitutes an application for collateral review. *Ford. v. Moore*, 296 F.3d 1035 (11th Cir. 2002). Petitioner's Motion for Jail Credit challenged, in part, the legality of Petitioner's judgment and sentence. Therefore, the Court finds the instant Petition timely filed because the Motion for Jail Credit tolled the federal clock until April 9, 2012.

## Exhaustion/Procedural Bars

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims

in state court in a procedurally correct manner."[4] Petitioner raised his claims either on direct appeal or in post-conviction motions.

**Standard of Review**

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[5] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding."[6] The "contrary to" and "unreasonable application" clauses provide separate bases for review.[7] A state court's rejection of a claim on the merits is entitled to deference regardless whether the state court has explained the rationale for its ruling.

**Discussion**

Claims 1-5

Petitioner brings the same five claims that he presented to the state court on direct appeal. However, Petitioner has not alleged how the state court misapplied Federal law, nor has Petitioner cited to any United States Supreme Court cases. In order to receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law, or made

---

[4] *Upshaw v. Singletary*, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[5] *See Williams v. Taylor*, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[6] *See* 28 U.S.C. § 2254(d)(1)- (2).

[7] *Wellington v. Moore*, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

an unreasonable determination of the facts in light of the evidence. 28 U.S.C. §2254(d). Petitioner has failed to meet this burden, he has cited no decisions that conflict with the state trial and appellate courts' opinions. He has cited no authority and has made no persuasive argument demonstrating that the state court misapplied the governing Supreme Court decisions. Thus, Petitioner has failed to show a basis for federal habeas corpus relief on these claims.

Ineffective Assistance of Counsel

In order to demonstrate that counsel rendered ineffective assistance, Petitioner's "entitlement to habeas relief turns on showing that the state court's resolution of his claim of ineffective assistance of counsel under *Strickland v. Washington* . . . 'resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (*quoting* 28 U.S.C. § 2254). "An 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of petitioner's case.'" *Id*. (internal quotations and citations omitted). "That is, 'the state court's decision must have been [not only] incorrect or erroneous [but] objectively unreasonable.' . . . Ineffective assistance under *Strickland* is deficient performance by counsel resulting in prejudice . . . with performance being measured against an 'objective standard of reasonableness' under 'prevailing professional norms.'" *Id*.

Petitioner raised these two claims in his post-conviction motion in state court. Petitioner first claims his counsel of ineffective for failing to object to multiple versions of

the jury instructions. The state court denied this claim, finding the final instructions given to the jury were correct. The state court found that Petitioner failed to satisfy either prong under *Strickland*.

Petitioner also claims his counsel was ineffective for "allowing fundamental error" when faulty instructions and prosecutor statements negated his defense. The state court found that this claim was the subject of his direct appeal and not subject to collateral attack. Petitioner points to nothing in the record that undermines the state court's findings. Petitioner has failed to show that the state court's rejection of his ineffective-assistance claims were contrary to, or an unreasonable application of, *Strickland*.

Ineffective Assistance of Appellate Counsel

Petitioner alleges his appellate counsel was ineffective for failing to raise a claim of trial court error. Respondent maintains that this claim is insufficiently pled and in his reply Petitioner agrees his claim is insufficiently pled. *See* Doc. 15. Accordingly, this claim is denied.

## **Conclusion**

Accordingly, the Petition is **DENIED with prejudice**. Any of Petitioner's allegations not specifically addressed herein have been found to be without merit. The Clerk is directed to terminate any pending motions, and close the file. Further, the Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. 2253(c)(2). The Court also declines to allow Petitioner to proceed on appeal *in forma pauperis* because any such appeal would not be taken in good faith.

**DONE** and **ORDERED** in Tampa, Florida on December 19, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12cv384GarciaJMJ deny 2254.wpd