UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MIGUEL L. GARCIA,

    Petitioner,

v.                                                        Case No:  5:12-cv-384-Oc-30PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon reconsideration of Ground 3 of Petitioner Miguel L. Garcia's petition pursuant to 28 U.S.C. § 2254.  The Court, having reviewed the supplemental briefs and pertinent portions of the record, determines that the petition should be denied as to Ground 3.

### **BACKGOUND**

**I.  Procedural Background**

On July 9, 2012, Garcia filed a timely § 2254 petition raising eight grounds for relief, including a claim for ineffective assistance of appellate counsel (Ground 3). Specifically, in Ground 3, Garcia argued that his appellate counsel was ineffective for failing to raise the argument that the trial court committed fundamental error by failing to instruct the jury on excusable and justifiable homicide with respect to the lesser-included offense of voluntary manslaughter.  (Doc. 1 at 23).  Respondents argued that Ground 3 was insufficiently plead and should be denied.  (Doc. 7 at 22).

Garcia filed a reply, conceding that Ground 3 was insufficiently plead and seeking leave to file an amended petition to add sufficient facts to conform to the § 2254 pleading requirements. (Doc. 15 at 3). Garcia also filed a motion requesting leave to amend his petition. (Doc. 16). The Court denied Garcia's motion to amend and considered his petition on the merits. (Doc. 19). In denying Garcia's petition on Ground 3, the Court found that Ground 3 was insufficiently plead. (Doc. 20).

On January 21, 2014, Garcia filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), arguing that the Court erred in denying his motion to amend Ground 3 of his petition to include additional supporting facts. (Doc. 21). The Court granted Garcia's motion for reconsideration and vacated its previous order to the extent it denied Ground 3 of Garcia's petition. (Doc. 24). The Court provided Garcia and Respondents an opportunity to file supplemental briefs on Ground 3. (Doc. 24 at 4). Garcia filed a supplemental brief on July 21, 2014 (Doc. 25), and Respondents filed their supplemental brief on August 20, 2014 (Doc. 26).

## II. Factual Background

On May 19, 2006, the State of Florida charged Garcia in a two-count information with attempted first-degree murder with a deadly weapon and aggravated assault with a deadly weapon. (Doc. 8, Appx. A at 1-2). The state nolle prossed the aggravated assault charge, and Garcia proceeded to trial on the attempted first-degree murder with a deadly weapon charge on November 26, 2007. (Doc. 8, Appx. B at 88). During trial, Garcia's counsel argued that Garcia only stabbed the victim in self-defense. Following closing arguments, the state court instructed the jury. (*Id.*, Appx. B at 347). While reading the

instructions, the court noted that the instruction regarding no-duty-to-retreat was incorrect. (*Id.*, Appx. B at 361-62). To remedy the deficiency, the state court attempted to read the correct instructions to the jury. (*Id.*, Appx. B at 364). Several additional deficiencies were found in the instructions, but the correct instructions were eventually provided to the jury. (*Id.*, Appx. B at 376-93). The jury found Garcia guilty of the lesser-included offense of attempted second-degree murder with a deadly weapon. (*Id.*, Appx. B at 405).

On June 23, 2008, Garcia appealed his judgment and sentence to the Florida Fifth District Court of Appeal ("Fifth DCA"), and the Fifth DCA per curiam affirmed his conviction and sentence on January 13, 2009. (*Id.*, Appx. C at 1-56). On March 4, 2010, Garcia filed a petition for writ of habeas corpus in the Fifth DCA claiming ineffective assistance of appellate counsel. (*Id.*, Appx. D at 1-90). The Fifth DCA denied the petition on June 7, 2010. (*Id.*, Appx. D at 91). Garcia filed a motion for rehearing, which the Fifth DCA denied on July 22, 2010. (*Id.*, Appx. D at 92-99).

## DISCUSSION

### I. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective as of April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). "Federal habeas proceedings 'are not forums in which to relitigate state trials.'" *Jamerson v. Sec'y for the*

*Dep't of Corr.*, 410 F.3d 682, 687 (11th Cir. 2005) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, § 2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). A federal court may grant a § 2254 petition only if the state decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d); *see also Price v. Vincent*, 538 U.S. 634, 638 (2003); *Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

The Supreme Court discussed the meaning of the "contrary to" and "unreasonable application" clauses in *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

If a federal court concludes that a state court applied federal law incorrectly, it may grant habeas relief only if that application was "objectively unreasonable." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). Moreover, under § 2254(e)(1), a state court's factual findings shall be presumed correct, and the petitioner can rebut the presumption of correctness only by clear and convincing evidence. *See also Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003).

## II. Ineffective Assistance of Counsel

The standard for reviewing the effectiveness of appellate counsel is the same as the standard for reviewing the effectiveness of trial counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Thus, *Strickland* requires proof of both deficient performance and consequent prejudice. *Id.* at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds." (internal citation and quotation marks omitted)).

Garcia must establish that counsel preformed deficiently. In determining whether counsel performed deficiently, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

Next, Garcia must also demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To meet this burden, Garcia must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In establishing a claim of ineffective assistance of appellate counsel, Garcia must demonstrate "'that but for the deficient performance, the outcome of the appeal would have been different.'" *Ferrell v. Hall*, 640 F.3d 1199, 1236 (11th Cir. 2011) (quoting *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004)).

## III. Analysis

In Ground 3, Garcia argues that his appellate counsel was ineffective for failing to raise an issue on appeal. Namely, Garcia contends that appellate counsel should have argued that the trial court committed fundamental error by failing to instruct the jury on excusable and justifiable homicide in relation to the lesser-included offense of voluntary manslaughter. It is clear from a review of the record that the while the trial court gave the long-form instruction on justifiable homicide, it did not instruct the jury on excusable homicide.

> Generally, under Florida law, such omission would constitute fundamental error.
>
> [B]ecause manslaughter is a 'residual offense, defined by reference to what it is not,' a complete instruction on manslaughter requires an explanation that justifiable and excusable homicide are excluded from the crime . . . . [F]ailure to give a complete instruction on manslaughter during the original jury charge is fundamental error which is not subject to harmless-error analysis where the defendant has been convicted of either manslaughter or a

6

>greater offense not more than one step removed, such as second-degree murder.

*See Florida v. Lucas*, 645 So. 2d 425, 427 (Fla. 1994) (quoting *Stockton v. Florida*, 544 So. 2d 1006, 1008 (Fla. 1989)); *see also Smith v. Florida*, 773 So. 2d 1278, 1279-80 (Fla. 5th DCA 2000) (finding that the failure to give the justifiable and excusable homicide instructions constituted fundamental error even if the instructions were not supported by the theory of defense).

But if the crime for which the defendant is convicted is more than two steps removed from the lesser-included offense of manslaughter then the error is not per se reversible error.

>[T]he significance of the two-steps-removed requirement is more than merely a matter of number or degree. A jury must be given a fair opportunity to exercise its inherent "pardon" power by returning a verdict of guilty as to the next lower crime. If the jury is not properly instructed on the next lower crime, then it is impossible to determine whether, having been properly instructed, it would have found the defendant guilty of the next lesser offense. However, when the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis.

*See Pena v. Florida*, 901 So. 2d 781, 787 (Fla. 2005). In Garcia's case, the lesser-included offense of voluntary manslaughter was two steps removed from the crime of which he was convicted. Garcia was convicted of attempted second-degree murder with a deadly weapon, a first-degree felony. *See* Fla. Stat. §§ 775.087(1), 777.04(4)(c), 782.04(2). The next lesser-included offense on the verdict form was attempted second-degree murder without a deadly weapon, a second-degree felony. (*See* Doc. 8, Appx. A at 99); *see also* Fla. Stat. §§ 782.04(2), 777.04(4)(c). Then the attempted voluntary manslaughter charge

7

was listed, a third-degree felony. (*See* Doc. 8, Appx. A at 99); *see also* Fla. Stat. §§ 777.04(4)(d), 782.07(1). Because the charge for which Garcia was convicted was two steps removed from the lesser-included offense of attempted voluntary manslaughter and the jury could have exercised its "pardon power" to convict Garcia of the next lesser offense (on which the jury was properly instructed), the failure to instruct the jury on excusable homicide was not per se reversible error.

Garcia does not establish that the failure to give the excusable homicide instruction was harmful or prejudicial. He does not assert that the factual circumstances of his case would have supported a theory of excusable homicide. And, the facts as presented at trial would not have supported such a theory. Rather, as stated by trial counsel on several occasions, Garcia's theory of defense was justifiable use of force in self-defense. Accordingly, the trial court's failure to give the excusable homicide instruction was not harmful to Garcia and did not constitute fundamental error. *See Reed v. Florida*, 837 So. 2d 366, 369 (Fla. 2002) (stating that fundamental error is not subject to harmless-error review because by its nature fundamental error is harmful error). Because the error was not fundamental, Garcia's appellate counsel was not deficient for failing to raise a meritless claim on appeal. And, since the claim is meritless, Garcia was not prejudiced by appellate counsel's failure to raise the issue.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED** as to Ground 3.

2. The Clerk is directed to enter judgment in favor of Respondents and against Petitioner as to Ground 3, terminate any pending motions, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Garcia is not entitled to a certificate of appealability. A petitioner does not have absolute entitlement to appeal a district court's denial of his or her habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Garcia "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). Garcia has not made this showing. Because Garcia is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

DONE AND ORDERED in Chambers at Tampa, Florida on this 4th day of December, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\12-384 Garcia v. USA.Ord. on Recon. (OCALA).docx